```
                  United States District Court
                    District of Massachusetts
 _____
                             )
Zygmunt Choroszy, Jr.,       )
                             )
       Plaintiff,            )
                             )
       v.                    )
                             )   Civil Action No.
Robert Wilkie, in his official )  20-11853-NMG
capacity as United States    )
Secretary of Veterans Affairs, )
                             )
       Defendant.            )
                             )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is the last of three cases arising from claims of employment discrimination brought by Zygmunt Choroszy, Jr. ("Choroszy" or "plaintiff"), acting pro se, against Robert Wilkie in his official capacity as the United States Secretary of Veterans Affairs ("the Secretary" or "defendant"). Choroszy alleges that, in 2015, the Department of Veterans Affairs ("the Department") refused to hire him as a "Security Assistant" due to his age and disability, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq., and Section 501 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"), as amended, 29 U.S.C. §§ 791 et seq.

Pending before the Court is defendant's motion to dismiss the complaint for failure to exhaust administrative remedies and plaintiff's motion to consolidate this action with two related employment discrimination lawsuits that he has filed in this Court. For the reasons that follow, defendant's motion to dismiss will be allowed and plaintiff's motion to consolidate will, therefore, be denied as moot.

I. **Background**

Choroszy is a 58-year-old Massachusetts resident who suffers from diabetes and a musculoskeletal disorder. Beginning in 2010, he served as a police officer at the VA Medical Center in West Roxbury, Massachusetts. Plaintiff alleges that he resigned from that position in 2013 on good terms.

Plaintiff contends that, soon thereafter, he re-applied for employment with the Department as a "Security Assistant". He claims he was qualified for the position but that, in April, 2015, younger, less qualified applicants were selected instead of him. Choroszy maintains that the Department "applied a more stringent review" of his application and ultimately declined to hire him due to his age and disability.

In support of his contention, Choroszy asserts that, in March, 2015, the Department placed his name on a "cautionary list" of former employees ("the List"). He alleges that, although the List is, typically, "meant for people who had

committed disciplinary violations or had been fired", his name was included thereon to "preclude him from V.A. employment" for discriminatory reasons, i.e. his age and disability.  He submits that he did not, however, learn of the List until November, 2018, and was unaware of the reasons for his placement on it until April 11, 2020.

On April 13, 2020, nearly five years after the Department's purported adverse hiring decision, plaintiff contacted, for the first time, an Equal Employment Opportunity ("the EEO") Counselor at his agency to bring a claim for employment discrimination based upon his denial of employment.[1]  In June, 2020, the Department dismissed his claim as untimely because more than 45 days had elapsed between the alleged discrimination, i.e. the non-selection, and his contact with an EEO Counselor.

Thereafter, plaintiff filed an administrative appeal with the Equal Employment Opportunity Commission ("the EEOC" or "the Commission").  The Commission affirmed the Department's

---

[1] An "EEO Counselor" is defined as

> any agency or contracted employee who, serving as a neutral, provides an aggrieved individual with his/her rights and obligations under equal employment opportunity laws.

U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEO-MD-110, CHAPTER 2: EQUAL EMP'T OPPORTUNITY PRE-COMPLAINT PROCESSING (2015).

dismissal based upon plaintiff's untimely EEO Counselor contact. In October, 2020, Choroszy filed a civil complaint in this Court challenging the decision of the Commission.

## II. Motions to Dismiss

### A. Legal Standard

To survive a motion under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). A court also may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12. Rather, the relevant inquiry focuses on the reasonableness of the inference

of liability that the plaintiff is asking the court to draw. Id. at 13.

### B. Application

The Secretary contends that Choroszy is barred from bringing this action because he failed to contact one of the Department's EEO Counselors within 45 days after the alleged discriminatory act, i.e. his non-selection as a Security Assistant. Failure to comply with the Commission's 45-day deadline generally serves as a bar to bringing a civil claim in federal court unless the doctrines of equitable tolling or estoppel apply. See 29 C.F.R. § 1614.105(a)(1); Vera v. McHugh, 622 F.3d 17, 29-30 (1st Cir. 2010).

Plaintiff admits that he failed to contact an EEO Counselor within the mandated 45 days but contends that the deadline should be equitably tolled. He asserts that he was unaware of the Department's hiring decision or its discriminatory motive until April 11, 2020, and that he contacted the EEO Counselor two days after that discovery.

It is a plaintiff's burden of establishing that he is entitled to equitable tolling by showing that, despite exercising reasonable diligence, he could not have discovered information essential to the suit. Bernier v. Upjohn Co., 144 F.3d 178, 180 (1st Cir. 1998). When it comes to the Commission's exhaustion requirements, the First Circuit Court of

Appeals takes a narrow view of equitable exceptions and applies those exceptions sparingly. See Maziarz v. Brennan, No. 15-cv-30098, 2016 WL 7799647, at *4 (D. Mass. Aug. 3, 2016); see also Bartlett v. Department of the Treasury, 749 F.3d 1, 10 (1st Cir. 2014) ("It is only in exceptional circumstances that equitable tolling will extend a filing deadline" (internal marks omitted)); Murphy v. Mattis, No. 14-cv-00400, 2017 WL 1157086, at *28 (D. Me. Mar. 27, 2017) ("[T]o avoid unfairness to the government and to promote the quick resolution of complaints, courts strictly construe the applicable forty-five day limitations period.").

Choroszy has failed to meet his burden of establishing his entitlement to equitable tolling. Even if the Court assumes that plaintiff was not actually aware of his non-selection for employment until April, 2020 (which is highly implausible), the factual allegations compel a finding that he should have known that fact years prior to the EEO Counselor contact. Indeed, an applicant exercising reasonable diligence would have inquired into the status of his or her employment application well within five years of the filing of that application which Choroszy apparently did not do. Nor does he, now, suggest that the Department would have concealed their hiring decision had he made a timely inquiry. See Bernier, 144 F.3d at 180 ("A party seeking to toll the statute [of limitations] must at the very

least show that the information could not have been found by a timely diligent inquiry.").

Furthermore, Choroszy's theory of discrimination hinges, in large part, on the allegation that the Department placed his name on a "cautionary list". By his own admission, Choroszy learned of his placement on that list in November, 2018. In order to exhaust his administrative remedies, plaintiff thus needed to contact an EEO Counselor within 45 days of that date but, instead, he waited until April, 2020, to do so. See Fortune v. Holder, 767 F. Supp. 2d 116, 122 (D.D.C. 2011) (explaining that a claim accrues on the date of the adverse employment action and not when plaintiff learns of the discriminatory motive for that action).

For those reasons, plaintiff has also failed to demonstrate entitlement to equitable estoppel. He has identified no representation by the Department which would justify a five-year delay in contacting an EEO Counselor. See Vera, 622 F.3d at 30-31 (explaining that a plaintiff is not entitled to equitable estoppel unless he can show that he diligently pursued his claim but was actively misled into not filing it). To the contrary, the record shows that Choroszy filed a separate EEO complaint challenging the List at least one year prior to the instant charge. Accordingly, the Court will dismiss plaintiff's complaint for failure to exhaust his administrative remedies.

It will also deny as moot his motion to consolidate this case with the two other related employment discrimination cases that he filed with this Court.

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 16) is **ALLOWED** and plaintiff's motion to consolidate (Docket No. 10) is hereby **DENIED as moot.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 10, 2021